**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | |
|---|---|
| **TULOTOMI AGUNBIABE,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**NEW VISION PIZZA, LLC, JM PIZZA, INC., J & B PIZZA, INC., D & J PIZZA, LLC** and **DOES 1-25,**<br><br>Defendants. | )<br>)<br>)<br>)  Case No. _____<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Tulotomi Agunbiade, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants New Vision Pizza, LLC, JM Pizza, Inc., J & B Pizza, Inc., D & J Pizza, LLC and Does 1-25 (collectively, "Defendants"), alleges as follows:

1. Defendants operate approximately 13 Domino's Pizza franchise stores in Oklahoma and Texas. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to Defendants' customers' homes and workplaces. Instead of reimbursing drivers for the reasonably approximate costs of the business use of their automobiles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed

expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Defendants also systematically require their drivers to clock out before the end of their compensable workdays, and thereby Defendants' further fail to pay them their minimum wages earned in violation of federal law.

3. Finally, Defendants systematically "shave" their drivers' recorded time, which causes their wages to fall even farther below the federal minimum wage.

4. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendants at their Domino's stores.

## Jurisdiction and Venue

5. The FLSA authorizes court actions by private parties to recover damages for violation of their wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

6. Venue in this District and Division is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District and Division, Defendants employed Plaintiff in this District and Division, Defendants operate Domino's franchise stores in this District and Division, and a substantial part of the events giving rise to the claim herein occurred in this District and Division.

**Parties**

7. Defendant New Vision Pizza, LLC is an Oklahoma limited liability company maintaining its principal place of business at 115 Falcon Road, Altus, Oklahoma, 73521, which, together with the other Defendants, has operated a chain of Domino's Pizza stores during times relevant, including stores within this District and Division.

8. Defendants JM Pizza, Inc., J & B Pizza, Inc. and D & J Pizza, LLC are Oklahoma corporations maintaining their principal place of business at 115 Falcon Road, Altus, Oklahoma, 73521, which, together with the other Defendants, have operated a chain of Domino's Pizza stores during times relevant, including stores within this District and Division.

9. Does 1 through 25 inclusive are persons or entities to be identified later through discovery as persons or entities which, together with the other Defendants, form a single enterprise and/or constitute joint employers under the FLSA.

10. Defendants comprise a single integrated enterprise and jointly operate a chain of approximately 13 Domino's restaurants as they maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

11. Alternatively, because the work performed by Plaintiff and other delivery drivers simultaneously benefited all Defendants and directly or indirectly furthered

their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer."

12. Plaintiff Tolutomi Agunbiade was employed by Defendants from approximately June to December 2016 as a delivery driver at their Domino's Pizza store in Wichita Falls, Texas. Plaintiff Agunbiade's consent to pursue this claim under the FLSA is attached to this Complaint as "Exhibit 1."

**General Allegations**

*Defendants' Business*

13. Defendants together own and operate approximately 13 Domino's Pizza franchise stores in Oklahoma and Texas.

14. Defendants' Domino's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Automobile Reimbursement Policy*

15. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

16. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

17. Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-mile reimbursement equates to far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

18. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

19. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan between $.571 and $.592 per mile between 2014 and 2016 for drivers who drive a sedan approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

20. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and

operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

21. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

22. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and their other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

23. Defendants fail to reasonably approximate the amount of their delivery drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

24. In sum, Defendants' delivery driver reimbursement policy and methodology fail to reflect the realities of their drivers' automobile expenses.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

25. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable

underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

26. Plaintiff Agunbiade was paid $7.25 per hour during his employment with Defendants, including a tip credit applied to the time he performed deliveries.

27. The federal minimum wage has been $7.25 per hour since July 24, 2009.

28. Plaintiff Agunbiade drove a 2015 Toyota Corolla while delivering pizzas for Defendants.

29. During most of Plaintiff Agunbiade's employment by Defendants, the per-delivery reimbursement rate at the store where he worked was $.50 per delivery.

30. During his employment with Defendants, Plaintiff Agunbiade experienced an average round-trip delivery distance of at least 5 miles per delivery.

31. Thus, Defendants' average effective reimbursement rate for Plaintiff Agunbiade was approximately $.10 per mile ($.50 per delivery / 5 average miles per delivery) or less.

32. During this same time period, the IRS business mileage reimbursement rate was $.54 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using that IRS rate as a reasonable approximation of Plaintiff Agunbiade's automobile expenses, every mile driven on the job decreased his net wages by approximately $.44 ($.54 - $.10) per mile. Considering Plaintiff Agunbiade's estimate of at least 5 average

miles per delivery, Defendants under-reimbursed him about $2.20 per delivery ($.44 x 5 average miles).

33. Defendants did not ask Plaintiff Agunbiade to track his actual automobile expenses.

34. During his employment by Defendants, Plaintiff Agunbiade typically averaged approximately 2 deliveries per hour.

35. Thus, Plaintiff Agunbiade consistently "kicked back" to Defendants approximately $4.40 per hour ($2.20 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $2.85 ($7.25 per hour - $4.40 kickback).

36. During the last few weeks of Plaintiff Agunbiade's employment, the per-delivery reimbursement rate at the store where he worked was increased to $.90 per delivery for the first delivery on each dispatch, plus $.50 per each additional delivery on the same dispatch.

37. Even at the higher rate of $.90 per initial delivery on a dispatch, Defendants' average effective reimbursement rate for Plaintiff Agunbiade was only approximately $.18 per mile ($.90 per delivery / 5 average miles per delivery) or less.

38. Using the IRS rate as a reasonable approximation of Plaintiff Agunbiade's automobile expenses, every mile driven on the job decreased his net wages by approximately $.36 ($.54 - $.18) per mile. Considering Plaintiff Agunbiade's estimate of

at least 5 average miles per delivery, Defendants under-reimbursed him about $1.80 per delivery ($.36 x 5 average miles).

39. Thus, at the end of his employment, Plaintiff Agunbiade consistently "kicked back" to Defendants approximately $3.60 per hour ($1.80 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $3.65 ($7.25 per hour - $3.60 kickback).

40. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

41. Because Defendants paid their delivery drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the drivers incurred unreimbursed automobile expenses, the drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

42. While the amount of Defendants' actual reimbursements per delivery may vary over time and location, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or location, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and location.

43. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of drivers' automobile expenses.

*Defendants' Clock-Out Policy*

44. Defendants also require their delivery drivers to clock out when their stores close and continue to perform compensable tasks such as cleaning the store, washing dishes, and preparing for the next shift.

*Defendants' "Time Shaving" Policy*

45. Defendants further "shave" time from delivery drivers' recorded work time to avoid paying for all time worked.

46. For example, Defendants' time records show that Plaintiff Agunbaide worked a total of 70.59 hours during the pay period from November 7 through November 20, 2016; however, Plaintiff's paycheck shows that Defendants paid him for only 66.74 hours worked during the same pay period.

47. Thus, Defendants' "shaved" Plaintiff's paid time by 3.85 hours (70.59 hours worked – 66.74 paid) during that time period.

*Overall Result of Defendants' Wage and Hour Practices*

48. The net effect of Defendants' policies and practices alleged above is that they willfully fail to pay the federal minimum wage to their delivery drivers, and Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Collective Action Allegations

49. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

50. The FLSA claims may be pursued by those delivery drivers who opt-in to this case pursuant to 29 U.S.C. § 216(b).

51. Plaintiff, individually and on behalf of other similarly situated delivery drivers, seeks relief on a collective basis challenging Defendants' practice of failing to pay drivers federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and putative opt-in plaintiffs may be notified of the pendency of this action via mail.

52. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

    a.    They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

    b.    They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.      Defendants required them to maintain their automobiles in a safe, legally-operable, and insured condition;

d.      They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.      They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.      They were subject to the same pay policies and practices of Defendants;

g.      They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.      They were reimbursed similar amounts per delivery;

i.      They were paid at or near the federal minimum wage before deducting unreimbursed business expenses;

j.      They have been subjected to tip credits;

k.      Defendants required them to clock-out prior to the end of their compensable workday; and

l.      They have been subject to the same policy and practice of "shaving" their recorded work time.

**Count I:  Violation of the FLSA**
**by Under-Reimbursing Vehicle Costs**

53. Plaintiff reasserts and re-alleges the allegations set forth above.

54. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

55. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

56. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

57. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

58. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

59. As alleged herein, Defendants have reimbursed their delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes their wages beneath the federal minimum wage.

60. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

61. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated delivery drivers.

62. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all driver employees in Defendants' stores.

63. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

64. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable

for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

65. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre- and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of the FLSA through Defendants' Clock Out Policy

66.  Plaintiff reasserts and re-alleges the allegations set forth above.

67.  At all relevant times herein, Plaintiff and all other similarly situated employees have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

68.  Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

69. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

70. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

71. Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id*.

72. As alleged herein, Defendants have failed to pay delivery drivers the federal minimum wage by requiring them to clock out prior to the end of their compensable workdays.

73. Defendants knew or should have known that their clock-out policy, practice and procedure results in failure to compensate delivery drivers at the federal minimum wage.

74. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

75. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in

violation of the FLSA, has been applied, and continues to be applied, to all driver employees in Defendants' stores.

76. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage between the time they are required to clock-out and the time they stop working within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

77. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith and with reasonable grounds to believe their actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

78. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, for pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre- and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Count III:  Violation of the FLSA by
## Defendants' "Time Shaving" Policy

79. Plaintiff reasserts and re-alleges the allegations set forth above.

80. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

81. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

82. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

83. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

84. Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id*.

85. As alleged herein, Defendants have failed to pay delivery drivers the federal minimum wage by "shaving" their drivers' recorded work time.

86. Defendants knew or should have known that their "time shaving" policy, practice and procedure results in failure to compensate their delivery drivers at the federal minimum wage.

87. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

88. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all driver employees in Defendants' stores.

89. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage for all the time they worked that was shaved by Defendants within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

90. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith and with reasonable grounds to believe their actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

91. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre- and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:     March 15, 2017                          Respectfully submitted,

**PAUL McINNES LLP**                               **RAFUSE LAW FIRM, P.C.**

Jack D. McInnes (MO Bar #56904)                    */s/ Robert Rafuse*

(*pro hac vice* forthcoming)                       Robert O. Rafuse (TX #16463900)

601 Walnut Street, Suite 300                       710 Lamar, Suite 440

Kansas City, Missouri 64106                        Wichita Falls, Texas 76301

Telephone:    (816) 984-8100                       Phone: (940) 763-8080

Facsimile:     (816) 984-8101                       Fax: (940) 763-8070

mcinnes@paulmcinnes.com                            rafuselawfirm@aol.com

**WEINHAUS & POTASHNICK**

Mark A. Potashnick

(E.D. Mo. Bar # 41315MO)

(*pro hac vice* forthcoming)

11500 Olive Blvd., Suite 133

St. Louis, Missouri 63141

Telephone:    (314) 997-9150

Facsimile:     (314) 997-9170

markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFF**